IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-12-091-JHP |
| | ) | |
| GARY JAMES NEEL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on Defendant's Motion to Dismiss the Indictment filed on February 8, 2013. [Doc. 27]. The government has filed a response opposing dismissal. After a full review of the applicable law and the facts of record, this Court finds and concludes the motion to dismiss is denied.

Defendant moves the Court to dismiss the Indictment because the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. §§16913, and its enforcement provision, 18 U.S.C. § 2250, are unconstitutional both facially and as applied to him specifically. In his motion, Defendant first argues Congress lacked the authority under the Commerce Clause to enact SORNA. The defendant then argues that because neither Oklahoma nor Colorado had sex offender registries that complied with SORNA's requirements during the relevant time period, Defendant was not required to register under SORNA. Third, Defendant argues that SORNA transgresses the Tenth Amendment. Fourth, Defendant argues that by leaving retroactivity to the Attorney General's discretion, Congress violated the Non-Delegation Doctrine of Article 1, Sections 1 and 8. Finally, Defendant argues that SORNA violates the Ex

Post Facto Clause, both on its face and as applied to the Defendant, by increasing the punishment for a previous offense.

The Court finds Congress had the authority under the Commerce Clause to enact SORNA. Given the nationwide scope of the sex offender registration problem, and the express inclusion of an interstate nexus element, SORNA is constitutional and is a proper use of Congress' Commerce Clause powers. See *United States v. Lawrence*, 548 F.3d 1329, 1336-37 (10th Cir. 2008).

Next, the Court rejects Defendant's argument that he was not required to register under SORNA because neither Oklahoma, nor Colorado, had fully complied with SORNA's requirements. As Defendant concedes, the Tenth Circuit has ruled on this issue in *United States v. Hinckley*, 550 F.3d 926, 939-40 (10th Cir. 2008). Likewise, Defendant concedes Tenth Circuit precedent precludes his contention SORNA violates the ex post facto clause. See *United States v. Lawrence*, 548 F.3d 1329, 1336-37 (10th Cir. 2008).

Defendant's fourth argument that SORNA violates the Tenth Amendment is also without merit. SORNA does not force states to register sex offenders, but rather provides conditions required to avoid reductions in Federal funding. See 42 U.S.C. § 16925(d).

Defendant's final contention that Congress' delegation of authority to the Attorney General to determine retroactivity under SORNA is unconstitutional is without merit. Delegations to the Executive branch are constitutional as long as there is an "intelligible principle" to guide the Executive branch. *United States v. Guzman*, 591 F.3d 83, 92-93 (2d Cir. 2010)(quoting *American Power & Light Co. v. SEC*, 329 U.S. 394, 409 (1928), and citing *Mistretta v. United States*, 488 U.S. 361, 372-73 (1989)). Additionally, SORNA's delegation to the Attorney General meets the "intelligible principle" test. The direction in SORNA requiring

the Attorney General to adopt regulations regarding the application of this statute to individuals convicted of sex offenses prior to the effective date of the statute is an appropriate delegation of power that was properly limited. See *United States v. Guzman*, 591 F.3d at 93.

Accordingly, Defendant's Motion to Dismiss the Indictment is denied.

**IT IS SO ORDERED this 21st day of February, 2013.**

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma